**Dennis J. CAMPBELL, Plaintiff–Appellant,**

v.

**GEMOLOGICAL INSTITUTE OF AMERICA, INC., Defendant–Appellee.**

No. 00–57184.

D.C. No. CV–00–1807–IEG(JFS).

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 30, 2001.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

MEMORANDUM **

Dennis J. Campbell appeals pro se the district court's order denying his request for appointment of counsel, and the order denying his motion for reconsideration in his action alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e–17, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34. We have jurisdiction under 28 U.S.C. § 1291.[1] We review for abuse of discretion a district court's decision on a motion for appointment of counsel under Title VII, *Bradshaw v. Zoological Soc'y of San Diego,* 662 F.2d 1301, 1319 (9th Cir.1981), and we affirm.

Three factors govern the district court's discretionary decision whether to appoint counsel: (1) the plaintiff's financial resources, (2) the efforts the plaintiff has made to retain counsel, and (3) the merits of the plaintiff's lawsuit. *See id.* at 1318. Although Campbell appears to meet the first two *Bradshaw* criteria, the district court did not abuse its discretion in denying Campbell's request for counsel because his claim does not appear on its face to have merit. *See id.*

**AFFIRMED.**

1. An order denying appointment of counsel in a Title VII action is appealable as a collateral order exception to the final judgment rule. *Bradshaw v. Zoological Soc'y of San Diego,* 662 F.2d 1301, 1305 (9th Cir.1981).